Brinkerhoff, J.
On the 2d of December, 1859, Goodwin brought his action in the common pleas of Columbiana county, against Samuel and William Baggott, to recover the sum of $1,060, on a note of hand executed by the Baggotts to him on the 29th of October, 1853, and for the sale of premises mortgaged to secure the same.
During the pendency and progress of the case in the court below, several demurrers were interposed by both parties, respectively, to various defenses and replies and questions raised by them, which were passed upon by the court — some of them in favor of plaintiff, and some in favor of defendants; and the rulings of the court against the defendants below on these questions, are here assigned for error. But as a review of all the questions thus made would be tedious, and as none of them, we think, involve matter of general professional interest, we let it suffice' to say that we can discover in the rulings of the court below, in respect to those questions, no error of which the plaintiffs in error can complain. And no cross-petition in error is filed by the defendant in error.
After vai-ious pleadings had been in this way disposed of, the case upon the pleadings finally stood thus:
To an ordinary petition on note and mortgage, the defendants below answered, in substance—
1. That the note and mortgage sued on were for the purchase *money of the real estate described in the mortgage; and *73 that, on the 29th of October, 1853, Goodwin had executed a deed for the premises, containing covenants of warranty and seizin; that at and prior to that date the premises were used for the manufacture of Rockingham and Liverpool ware, and their chief value consisted in their adaptation to said manufacture; that shortly prior to the execution of said conveyance, the Cleveland and Pittsburg Railroad Company had commenced proceedings under the statute to appropriate a right of way over a part of the premises, and had obtained the verdict of a jury, assessing the damages to be paid for said way at $400, which sum was received by Goodwin on the 22d of February, 1854, which was claimed to be a breach of said covenants, to their damage $3,000, which they claimed to set off.
2. That after Goodwin had conveyed the premises to the Baggotts, he had received from the Cleveland and Pittsburg Railroad Company $409, the damages and interest thereon, which had been awarded by the jury in proceedings to appropriate a right of way over said lands, which the Baggotts claimed he had received for their use, and that the same should be applied as a payment on said note on February 22, 1854.
To this answer the plaintiff, Goodwin, replied:
1. That said defense is barred by the statute of limitations.
2. That before the execution of the deed from Goodwin to the Baggotts for the real estate described in the petition, a memorandum of an agreement in writing of the terms of sale was executed; in which it was stipulated that Goodwin was to receive for his own use the moneys in the defense mentioned, and was to execute a warranty deed for the land against all claims except the right of way of the Cleveland and Pittsburg Railroad Company.
3. Denies that Goodwin received said moneys for the right of way over the lands conveyed to defendants below, and avers that it was paid, as well for that, as for the right of way over other lands of Goodwin.
On the 14th October, 1861, Goodwin served a notice on the Baggotts, under section 360 of the code of civil procedure, *to compel them to produce upon the trial the written contract alleged to have been executed between the parties, for the sale of the mortgaged premises, on October 29, 1853; and afterward made a motion to that effect, which was heard by the court, and affidavits read by both parties, in support of and in opposition to it. The court ordered the Baggotts to produce the páper on the trial, *74 and in default, that a judgment by default be rendered against them.
At the March term, 1862, of the court of common pleas, the Baggotts failing to produce the paper, on demand of Goodwin’s counsel, according to the order, a judgment by default and for the sale of the mortgaged premises was rendered against them; whereupon they gave notice of appeal to the district court, which they perfected, and afterward the district court dismissed the appeal, and remanded the ease to the court of common pleas for a second trial.
The plaintiff below again servednoticeon the defendants below, to produce on the trial of the cause the written contract, and in October, 1862, made a motion in the court of common pleas to compel its production. Affidavits were again read for and against the motion, and the court below, being satisfied in the premises, ordered the defendants below to produce the paper at the trial, on demand of Goodwin, and on failure to comply with the order, that a judgment as by default be rendered against them. The defendants below having failed to produce the paper in accordance Avith the terms of the order, a judgment as by default was rendered against them. The defendants beloAV having excepted to the rulings of the court, a bill of exceptions, embodying all the affidavits road by the parties, in support of, and adverse to, the motion, Avas signed by the court and made part of the record in the cause.
These rulings and the judgment of the court thereon, are assigned for error. And on this assignment of error arises the principal question in the case, and on account of which, mainly, the case was reserved for decision here.
Among the affidavits submitted to the court are those of the defendants below, and both of them deny that they have any such 'paper as that which they are called on to produce, *in their possession or under their control, and that the same ever existed.
The first clause of section 360 of the code of civil procedure provides: “That the court, where any action is pending, shall have power, on motion, and on ten days’ notice thereof, to require the parties to produce books and writings in their possession or power, which contain evidence pertinent to the issues, in cases and under circumstances where they might heretofore be compelled to produce the same by the ordinary rules of proceeding in chancery; and if the plaintiff shall fail to comply with such order *75 to produce books or writings, the court, on motion as aforesaid, may give the like judgment for the defendant, as in ease of non-suit ; and if a defendant shall fail to comply with such order to prodiice books or writings, the court, on motion as aforesaid, may give judgment against him by default.”
It .will be seen that the power conferred on the courts by this clause of the 360th section of the code is a limited power — limited “ by the ordinary rules of proceeding in chancery,” in like cases and circumstances. And this remits us to the inquiry: What are “the ordinary rules of proceeding in chancery” applicable to the question presented to the court below, by the motion to compel the production of the paper referred to in the reply of the plaintiff below? In 2 Daniell’s Ch. Pleading and Practice, 1375, it is said: “As a general rule, the plaintiff must be able to read, from the answer or affidavit, an, admission that the documents for which the motion is made are in the defendant’s possession at the time when the motion is made.” And on the next following page, it is said: “ It has always been incumbent upon the plaintiff to show an admission of possession of the required documents by the defendant; and it does not appear that this practice is altered, though now the admission may be by affidavit of the defendant, and not by answer.” And the cases of Barnett v. Noble, 1 Jacob & Walker’s Ch. 226; Haverfield v. Pyman, 22 E. Ch. 201; Heeman v. Midland, 4 Haddock’s Ch. 391, and Watson v. Renwick, 4 Johns. Ch. 381, fully sustain the principle of the rules as laid down by Mr. Daniell.
Applying these rules to the ease before us, it is evident that *the court below erred. The pleadings in the case contain no . admission by the defendants below, either of the existence of the paper, the production of which was sought to be compelled, or of their possession of or control over it; and in their affidavits they deny every supposed fact on which the motion was grounded. On the coming in of these affidavits, the court ought to have overruled the motion, and so to have left the plaintiff below to the employment of such resources as he might find in the ordinary rules of evidence, in respect to proof of the contents of documents lost, de. stroyed, or in the possession of, or under the control of, the opposite party. The practice adopted by the court below was not only not warranted by the code of civil procedure, but if it were recognized as legitimate, it would lead to very dangerous consequences. It would frequently result, as it did in this case, in depriving a party *76 of a trial by jury on tho merits of his ease, and causing the whole case to turn on a collateral issue of fact, raised by motion, and triable to tho court alone.
Judgment reversed, and cause remanded.
Day, C. J., and White, Welch, and Scott, JJ., concurred.